Carlos Makoto Taitano, State Bar No. 275820
MFPR Roppongi Azabudai Bldg. 11th Floor
1-8-7 Roppongi
Minato-ku, Tokyo 106-0032 Japan
Telephone:  1 671 777 0581
Email:   makoto@taitano.us.com

Attorney for Applicant
Hidenori Takagi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of<br><br>Hidenori Takagi,<br><br>   Applicant. | Case Number:<br><br>***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM** |

The Applicant Hidenori Takagi (hereinafter "**Applicant**") hereby makes this *ex parte* application for an order pursuant to Section 1782 of Title 28 of the United States Code authorizing discovery for use in foreign proceedings (hereinafter "**Application**"). This Application seeks limited discovery from Apple Inc. (hereinafter "**Apple**") and is supported by the supporting memorandum below and the Declarations of Hidenori Takagi, Akio Noguchi, and Yoshie Katsurada filed concurrently herewith. The proposed subpoena to be served on Apple is attached to this Application as Exhibit A.

**SUPPORTING MEMORANDUM**

**I.     BACKGROUND**

The Applicant is a licensed medical doctor in Japan and is a sole proprietor *doing business as* Mukogaoka Clinic (hereinafter "**Clinic**"). Decl. Takagi ¶¶ 1-2. The principal place of business of the Clinic is located in Kanagawa-ken, Japan and the Clinic specializes in internal medicine. *Id.* ¶¶ 3-4.

The Applicant previously filed an application in this district pursuant Section 1782 in *In re Ex Parte Application of Hidenori Takagi*, Case No. 22-mc-80240-VKD to conduct discovery against Twitter, Inc. (hereinafter "**First Case**") to obtain personal identifying information (hereainafter "**PII**") of users of two Twitter accounts who had written statements concerning the Clinic. *Id.* ¶ 8. Pursuant to the subpoena issued in the First Case, the Applicant obtained PII of the two Twitter accounts from Twitter. *Id.* ¶ 9. However, the information obtained from Twitter was insufficient to identify the anonymous individual (hereinafter "**Anonymous Individual**") who used the Twitter account with the display name of "*konnoyukio@CmRUCE*" ("今野幸雄@CmRUCE" in Japanese) (hereinafter "**Twitter Account**") to publish a tweet concerning the Clinic to the Twitter platform (hereinafter "**Tweet**"). *Id.* ¶ 10, Ex. 1; Decl. Katsurada ¶ 4, Ex. A (English translation of Tweet 1). The Tweet defames the Clinic by falsely accusing the Clinic of posting made-up Google reviews, of writing badly about surrounding clinics, and of posting derogatory untrue rumors about other drug stores or orthopedics. Decl. Takagi ¶ 11.

The PII that the Applicant obtained for the Twitter Account from Twitter includes the email address ankozenzai@icloud.com (hereinafter "**Apple Account**"). *Id.* ¶ 12, Ex. 2. Among the PII that the Applicant obtained for the Twitter Account from Twitter, other than the Apple Account, there was no other PII that will lead to the identity of the Anonymous Individual. *Id.* ¶ 13; Decl. Noguchi ¶¶ 6-7. The Applicant has been unable to identify the true identity of the Anonymous Individual. Decl. Takagi ¶ 14.

Apple owns and operates email addresses ending with @icloud.com[1]. A person with an @icloud.com email address signs in to the email address using the person's Apple ID[2]. An Apple ID is the account used to sign in to all serviced operated or owned by Apple[3]. Apple is a

---

[1] iCloud: About your @icloud.com, @me.com, and @mac.com email addresses, https://support.apple.com/en-us/HT201771 (July 18, 2022).
[2] iCloud User Guide, https://support.apple.com/en-mt/guide/icloud/mmdd8d1d47/icloud#:~:text=You%20can%20access%20your%20iCloud,in%20with%20your%20Apple%20ID (last visited April 21, 2023).
[3] Manage and use your Apple ID, https://support.apple.com/en-us/HT203993 (March 24, 2023).

California corporation with its principal office located at One Apple Park Way, Cupertino, California 95014. Decl. Noguchi ¶ 8, Ex. 1.

The Anonymous Individual has committed a reputational tort pursuant to Articles 709 and 710 of the Civil Code of Japan, and the Applicant intends to file a civil lawsuit against the Anonymous Individual. *Id.* ¶¶ 15-17; Decl. Noguchi ¶¶ 9-11. The Applicant has sufficient evidence to make out a prima facie case for a reputational tort pursuant to Articles 709 and 710, and the civil lawsuit will withstand a motion to dismiss in Japan. Decl. Noguchi ¶ 12. However, to file the civil lawsuit, the true identity of the Anonymous Individual is necessary because the laws of Japan do not allow for lawsuits to be filed against anonymous persons. *Id.* ¶ 13.

Additionally, the Applicant intends to file a criminal complaint with the Japanese police, which will trigger a criminal investigation if accepted, but to do so, needs sufficient information to identify the Anonymous Individual. Decl. Takagi ¶¶ 15-17; Decl. Noguchi ¶¶ 15, 21-22, 24. The Anonymous Individual has committed criminal defamation pursuant to paragraph 1 of Article 230 of the Penal Code of Japan. Decl. Noguchi ¶¶ 20-21. Pursuant to paragraph 1 of Article 232 of the Penal Code, a criminal complaint must be filed in order for the Japanese police to conduct an investigation. *Id.* ¶¶ 19, 22, 24.

Therefore, the Applicant is seeking for this Court to authorize the Applicant to conduct limited discovery by serving a subpoena upon Apple, which is located in this district, to discover PII that can be used to identify the true identity of the Anonymous Individual. *Id.* ¶ 25.

## II. EX PARTE CONSIDERATION OF SECTION 1782 APPLICATION

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). Consequently, orders granting Section 1782 applications typically only provide that discovery is "authorized," and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns

regarding any unfairness of granting the application *ex parte*. *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Therefore, it is proper for this Court to consider this Application on an *ex parte* basis because adequate notice will be given to interested parties.

### III.   LEGAL STANDARD

Section 1782 permits district courts to authorize discovery where three requirements are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a). As for the second requirement, Section 1782 allows the discovery to be used for "… criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a).

The Supreme Court in *Intel* identified four discretionary factors to be considered by a court when exercising its discretion to authorize discovery pursuant to a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (cleaned up) (*citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States

courts to engage in comparative analysis to determine whether analogous proceedings exist [in the United States]." *Id.* at 244 (brackets added).

A district court may order the production of documents or testimony for use in a foreign legal proceeding under Section 1782 as long as the disclosure would not violate a legal privilege. *Id.* at 249.

A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *In re Ex Parte Application of Med. Inc. Ass'n Smile Create*, No. 19-mc-80230-VKD, 2019 WL 4933582, at *2 (N.D. Cal. Oct. 7, 2019) (*citing Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

### IV.     ARGUMENT

**1.     This Application Satisfies the Requirements of Section 1782**

This Application meets all three requirements of Section 1782.

A.     Apple "resides or is found" in this district

The first requirement is met, because Apple "resides or is found" in this district because the principal office of Apple is located in Cupertino, California, which is in this district. Decl. Noguchi ¶ 8, Ex. 1.

B.     The civil action and criminal complaint that will trigger a criminal investigation in Japan are within reasonable contemplation

To meet the second requirement, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Intel*, 542 U.S. at 259. Instead, all that is required by the statute is that a "future proceeding is 'within reasonable contemplation.'" *Id.* (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage).

The second requirement is met, because the discovery sought is for purposes of a civil lawsuit to be filed in Japan and a criminal complaint (which will trigger a criminal investigation) to be filed with the police in Japan. Decl. Takagi ¶¶ 15-17; Decl. Noguchi ¶¶ 9, 25. The civil

lawsuit and criminal complaint in Japan are within reasonable contemplation because the Applicant intends to file the civil lawsuit and criminal complaint once the true identity of the Anonymous Individual is ascertained. Decl. Takagi ¶ 17.

      C.    <u>The Applicant as a putative plaintiff and a victim of a crime is an interested person</u>

The third requirement is met, because the Applicant, as a putative plaintiff, is an interested person. Decl. Takagi ¶¶ 15-17; Decl. Noguchi ¶ 9; *see Intel*, 542 U.S. at 256 (litigants are most common example of interested person). Additionally, the Applicant is also an interested person as a victim of a criminal act. Decl. Takagi ¶¶ 15-17; Decl. Noguchi ¶ 15; *see, e.g., Matter of Application of O2CNI Co.,* No. C13-80125, 2013 WL 4442288, at *6 (N.D. Cal., Aug. 15, 2013) ("[Applicant] as a victim and complainant is an interested party to the [foreign] criminal investigation.") (brackets in parenthetical added).

Therefore, the Applicant has met all of the requirements of Section 1782 and this Court can authorize discovery against Apple.

      **2.**    **The Supreme Court's *Intel* Factors Strongly Favor Granting the Application**

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of the Court granting the Applicant's request for discovery.

      A.    <u>Apple from whom discovery is sought is not a party in the foreign proceedings</u>

The first *Intel* factor is "whether the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. Under this factor, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). This is so, because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach, hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Apple will be a nonparticipant in the civil action and criminal investigation that will be initiated in Japan. Decl. Noguchi ¶ 26. Furthermore, Apple is located in this district. *Id.* ¶ 8, Ex. 1. For the foregoing reasons, Apple is

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

outside Japan's jurisdictional reach, and hence, evidence available in the United States from Apple is unobtainable by the Applicant absent Section 1782(a) aid. *Id.* ¶ 26; *see Intel*, 542 U.S. at 264. Therefore, this first factor weighs in favor of authorizing discovery.

      B.    <u>Courts of Japan and the police of Japan are receptive to U.S. federal court judicial assistance and the information sought</u>

The second *Intel* factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4. Under this factor, "courts look for authoritative proof that a foreign tribunal *would reject* evidence obtained with the aid of § 1782." *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016). In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782, courts tend to err on the side of permitting discovery. *See Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (citation omitted). In the absence of evidence that a foreign court would object to the discovery of the information sought in the subpoena, or that a foreign court objects more generally to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery. *See, e.g., In re Med. Corp. H&S*, No. 19-mc-80058-VKD, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019) (In the absence of evidence that courts of Japan would object to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery).

There are no known restrictions imposed by or any policies under the laws of Japan limiting U.S. federal court judicial assistance, and courts of Japan and the police of Japan are receptive to assistance in discovery by U.S. federal courts, including for discovery of PII of individuals posting anonymous online statements. Decl. Noguchi ¶¶ 27-28. Furthermore, this Court in the past has granted Section 1782 discovery for use in proceedings in Japan. *See, e.g., In*

*re Med. Corp. H&S*, 2019 WL 1230440; *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021).

Because there is evidence showing that courts of Japan and the police in Japan are receptive to U.S. federal court judicial assistance, and because there is nothing to show that courts of Japan and the police in Japan would object to discovery of the information sought by this Application, this factor weighs in favor of authorizing discovery.

### C. Discovery sought through this Application is not an attempt to circumvent foreign proof-gathering restrictions of the foreign country

The third *Intel* factor is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (third *Intel* factor weighs in favor of discovery where there is "no evidence" of an attempt to circumvent foreign proof gathering restrictions or policies).

The Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States. Decl. Noguchi ¶ 29. Because there is nothing to suggest that the Applicant is attempting to circumvent foreign proof gather restrictions or policies, this factor weighs in favor of authorizing discovery.

### D. The discovery requested by the Applicant from Apple is narrowly tailored, limited in scope, and is seeking only relevant information

The fourth and final *Intel* factor is whether "the discovery requested is unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad "fishing expedition" for irrelevant information. *In re Ex Parte Applicate of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).

The discovery sought by the Applicant is narrowly tailored to seek only sufficient information to identify the Anonymous Individual, and is not unduly intrusive or burdensome, because the Applicant is seeking discovery of only PII such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of PII such as access log (IP addresses, port numbers, and timestamps) for very limited periods of time, which information is stored by Apple in the ordinary course of its business. Ex. A (Subpoena); Decl. Noguchi ¶¶ 30-44; *see In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a Section 1782 request to issue a subpoena for the name, address, email address, telephone number, and name and address on credit cards); *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4-5 (authorizing similar discovery sought in this Application).

As for discovery of access log such as the IP address and the corresponding port number and date and time that the IP address was used (commonly known as a timestamp) is reasonable and necessary because IP addresses and port numbers are assigned by an internet service provider (hereinafter the "**ISP**") at the time that a user accesses the internet. Decl. Noguchi ¶ 30(c)-(e). Because of this, different people may be using the same IP address at different points-in-time. *Id.* ¶ 30(d). Therefore, without the IP address and the corresponding port number and timestamp, a Japanese court will be unable to order the ISP to disclose PII of the tortfeasor, because it will be unclear which of the users that have used the subject IP address used the IP address at a specific point-in-time. *Id.* ¶¶ 31-33, Ex. 2 (sample list attached to a Japanese court's order, ordering the ISP to disclose information about a certain user using an IP address and a port number at a certain time); Katsurada Decl. ¶ 5, Ex. B (English translation of Exhibit 3). In order for a court of Japan to order the ISP to disclose PII sufficient to identify the Anonymous Individual, and for the ISP to pinpoint the relevant person using an IP address at a certain time, the IP address, port number, and the timestamp is necessary. Kanda Decl. ¶¶ 31-33.

Additionally, the subpoena does not seek the contents of any communications associated with the Apple Account in compliance with the Stored Communications Act, 18 U.S.C. § 2701 *et seq.. See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, No. C 12-80242, 2013

WL 256771 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act).

For the foregoing reasons, the request by the Applicant is narrowly tailored, is seeking only necessary relevant information, and is not unduly intrusive or burdensome, and therefore, this factor weighs in favor of authorizing discovery.

## V.  CONCLUSION

In conclusion, the Applicant has met all of the requirements of Section 1782, and all of the discretionary *Intel* factors weigh in favor of authorizing discovery. In light of the twin aims of Section 1782 to provide efficient assistance to foreign litigants and to encourage foreign countries by example to provide similar assistance to U.S. courts, this Court should exercise its discretion to authorize discovery against Apple so that the Applicant can conduct limited discovery to identify the Anonymous Individual in order to file a civil lawsuit and criminal complaint in Japan.

Dated April 21, 2023.

/s/ Carlos Makoto Taitano
CARLOS MAKOTO TAITANO
Attorney for Applicant
Hidenori Takagi

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| In re Ex Parte Application of Hidenori Takagi, <br><br> *Applicant.* | ) ) ) ) Civil Action No. ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Apple Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: By email to: makoto@taitano.us.com; or at: Warp9, c/o Carlos Makoto Taitano, 480 Clementina St., #A, San Francisco, CA 94103 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Hidenori Takagi_____, who issues or requests this subpoena, are:
Carlos Makoto Taitano, MFPR Roppongi Azabudai Bldg. 11F, 1-8-7 Roppongi, Minato-ku, Tokyo 153-0053 Japan, makoto@taitano.us.com, +1-671-777-0581

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit A**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# Exhibit A

Attachment 1

To: Apple Inc.

The Applicant **Hidenori Takagi** hereby requests that **Apple Inc.** ("you" or "your") produce to its attorney, Carlos Makoto Taitano, Esq., any and all of the DOCUMENTS described under the heading "II. REQUEST FOR PRODUCTION."

## I. DEFINITIONS

1.  The word "DOCUMENT" or "DOCUMENTS" means "documents," "electronically stored information," or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered a separate DOCUMENT. A DOCUMENT that is "electronically stored information" shall be produced in portable document format (commonly known as "PDF") with Bates numbering and appropriate confidentiality designations, along with searchable metadata databases.

2.  The word "ACCOUNT" means the email address ankozenzai@icloud.com.

3.  The word "APPLE ID" means the Apple ID that is used to sign in to the ACCOUNT.

4.  The word "ACCOUNTS" means the ACCOUNT and the APPLE ID.

3.  "ALL" means "each, any and all."

## II. REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** DOCUMENTS sufficient to show the APPLE ID.

**REQUEST FOR PRODUCTION NO. 2.** DOCUMENTS sufficient to show the following information ever registered with ALL of the ACCOUNTS:

    (i)    names;
    (ii)   physical, billing, shipping, or ALL other addresses;
    (iii)  recovery, authentication, or ALL other e-mail addresses;
    (iv)  recovery, authentication, or ALL other telephone numbers;
    (v)   ALL names and addresses of ALL credit cards registered to ALL of the ACCOUNTS (but not the credit card number, expiration date, or card validation code); and,
    (vi)  ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the ACCOUNTS.

**REQUEST FOR PRODUCTION NO. 3.** DOCUMENTS sufficient to show the following information for the three-month period immediately preceding April 21, 2023 and until the date

that you respond to this request: ALL access log (dates, times, IP addresses, port numbers, and destination IP addresses) of ALL of the ACCOUNTS and the accompanying actions of the user (such as the creation of the account, login, logout, or deletion of the account).

**REQUEST FOR PRODUCTION NO. 4.**  DOCUMENTS sufficient to show the following information ever registered on ALL accounts or services, other than the ACCOUNTS, that are used, owned, controlled, or maintained by the user of your services who owns, uses, controls, or maintains ALL of the ACCOUNTS (the "OTHER ACCOUNTS"):

(i) names;
(ii) physical, billing, shipping, or any other addresses;
(iii) recovery, authentication, or any other e-mail addresses;
(iv) recovery, authentication, or any other telephone numbers;
(v) ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS (but not the credit card number, expiration date, or card validation code);
(vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACCOUNTS; and,
(vii) the type of ALL of the OTHER ACCOUNTS (such as an iCloud account).

**REQUEST FOR PRODUCTION NO. 5.**  DOCUMENTS sufficient to show the following information for the three-month period immediately preceding April 21, 2023 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of ALL of the OTHER ACCOUNTS and the accompanying action of the user (such as the creation of the account, login, logout, or deletion of the account).