1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE EX PARTE APPLICATION OF
HIDENORI TAKAGI,

               Applicant.

Case No.23-mc-80124-JSC

**ORDER GRANTING EX PARTE
APPLICATION FOR ORDER
PURSUANT TO 28 U.S.C. 1782**

Re: Dkt. No. 1

     Applicant Dr. Hidenori Takagi ("Applicant") seeks discovery from Apple Inc. ("Apple") to bring a reputational tort civil lawsuit and a criminal complaint for defamation in Japan.  (Dkt. No. 1 at 3.)[1]  Applicant's ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in foreign proceedings is now pending before the Court.  (Dkt. No. 1.)  After carefully considering the application, the Court grants the request.

<b>BACKGROUND</b>

    **A. Complaint Allegations**

     Applicant is a licensed medical doctor practicing in Japan doing business as Mukogaoka Clinic.  (Dkt. No. 1-1, Takagi Decl. ¶¶ 1-2.)  Applicant identified two Twitter, Inc. ("Twitter") accounts who had written tweets defaming the Clinic by falsely accusing it of posting made-up Google reviews and posting derogatory rumors about other drug stores, orthopedics, and surrounding clinics.  (Dkt. No. 1-1, Takagi Decl. ¶¶ 8, 11; Dkt. No. 1-3, Noguchi Decl. Ex. A.)

    **B. Procedural Background**

     Applicant previously filed an ex parte application in this District (*In re Ex Parte*

---

[1]  Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  *Application of Hidenori Takagi*, Case No. 22-mc-80240-VKD) pertaining to discovery requests to

2  Twitter to obtain the personal identifying information of the users identified above.  (Dkt. No. 1-1,

3  Takagi Decl. ¶¶ 8-10.)  The subpoena response provided no other personal identifying

4  information, and the identity of the owner of the account remains undetermined.  (*Id.*.)  The email

5  address associated with the Twitter account is an iCloud account (ankozenzai@icloud.com),

6  owned and operated by Apple.  (*Id.* ¶ 12.)  Applicant is now seeking to subpoena Apple for the

7  identifying information associated with the iCloud account.

8  　　　　Upon receiving the identifying information from Apple, Applicant intends to file a civil

9  lawsuit against the Anonymous Individual for a reputational tort pursuant to Articles 709 and 710

10  of the Civil Code of Japan.  (Dkt. No. 1-1, Takagi Decl. ¶¶ 17-18; Dkt. No. 1-2, Noguchi Decl. ¶¶

11  9-11.)  The laws of Japan do not allow for civil lawsuits to be filed against anonymous persons.

12  (Dkt. No. 1-2, Noguchi Decl. ¶¶ 13-14.)  Additionally, Applicant requires the identity of the

13  anonymous individual to file a criminal complaint with the Japanese police, which then triggers a

14  criminal investigation upon acceptance.  (*Id.* ¶¶ 15-18.)  The criminal complaint will allege a

15  violation of paragraph 1 of Article 230 of the Penal Code of Japan for criminal defamation.  (*Id.* ¶

16  20.)

17  　　　　Applicant includes a proposed subpoena with document production requests sufficient to

18  show the identity of the individual who owns the Twitter account associated with the defaming

19  Tweets.  (Dkt. No. 1 at 11-15.)

20  **LEGAL STANDARD**

21  　　　　Section 1782 provides a district court may order discovery for use in a foreign tribunal.  28

22  U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 241 (2004).  The

23  applicant must meet several statutory requirements and the discovery must otherwise be in

24  accordance with the Federal Rules of Civil Procedure and not violate a legal privilege.  28 U.S.C.

25  § 1782(a).

26  **DISCUSSION**

27  　　　　Courts have discretion in deciding to compel discovery in response to a § 1782 application

28  once an applicant satisfies the statutory requirements.  *Intel Corp.*, 542 U.S. at 243-45.  The

United States District Court
Northern District of California

2

Supreme Court identified a non-exhaustive list of discretionary factors a court may consider. *Id.* Courts need not "address explicitly every [discretionary] factor." *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015) (citing *United States v. Sealed 1*, 235 F.3d 1200, 1206 (9th Cir. 2000).

**I.   Statutory Requirements.**

Section 1782 lays out the following requirements to be shown prior to a court ordering discovery: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citation omitted).

**A.   "Resides or is Found" Requirement**

Per § 1782, a district court of the district in which a person resides or is found may compel discovery from that person. 28 U.S.C. § 1782(a). The Ninth Circuit has not interpreted this portion of the statute, however, both the Second and the Fourth Circuit Court of Appeals have issued recent decisions regarding the "resides or is found" requirement, and Apple satisfies both here. See *In re del Valle Ruiz*, 939 F.3d 520, 523-24 (2d Cir. 2019); *In re Eli Lilly & Co.*, 37 F.4th 160, 164-66 (4th Cir. 2022).

In *In re del Valle Ruiz*, the Second Circuit held the "resides or is found" requirement extends to the limits of personal jurisdiction. *In re del Valle Ruiz*, 939 F.3d at 523-24. A court has personal jurisdiction over corporations in the following scenarios: (1) corporations incorporated in the district or with a principal place of business in the district; (2) where the corporation "purposely avail[ed] itself of the privilege of conducting activities within the forum State"; (3) with consent of the corporation; or (4) when the corporation was served within the district. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Burnham v. Superior Ct. of California, Cnty. of Marin*, 495 U.S. 604, 604-05 (1990). As indicated in Apple's Statement of Information, filed October 25, 2022, with the California Secretary of State, the principal office is

3

located at One Apple Park Way, Cupertino, California.  (Dkt. No. 1-2 at 10-12.)  Therefore, its

principal state of business is within the Northern District of California and Applicant satisfied the

"resides or is found" requirement.

In *In re Eli Lilly & Co.*, the Fourth Circuit interpreted the statute to require the corporation

to be physically present by its officers and agents carrying on the corporation's business.  37 F.4th

at 164-66 (citing *Bragdon v. Abbott*, 524 U.S. 624, 645 (1998)).  Under this interpretation, the

Applicant still satisfies this requirement as Apple retains its principal office within the Northern

District and therefore is physically present by its officers carrying out the corporation's business.

### B.    "Interested" Person Requirement

An order for discovery may be made "upon the application of any interested person."  28

U.S.C. § 1782.  The Supreme Court ruled interested persons are those whose future legal

proceeding in which discovery is sought is "within reasonable contemplation."  *Intel Corp.*, 542

U.S. at 243.  The litigation need not be "pending" or "imminent" to be within reasonable

contemplation under the statute.  *Id*.

Applicant states once he receives the identity of the individual responsible for the Tweet,

he intends to file both a civil lawsuit and a criminal complaint against the individual.  (Dkt. No. 1-

1, Decl. of Takagi ¶¶ 17-18.)  This is sufficient as an applicant satisfies the "interested person"

requirement upon a showing the applicant intends to file suit after the § 1782 discovery reveals the

identity of the potential defendant.  *Khrapunov*, 931 F.3d at 925.  Further, as stated by Applicant's

counsel in her declaration, it is her opinion based on her experience as a lawyer qualified to

practice in Japan that, under Japanese law, both cases cannot be initiated without the identity of

the individual.  (Dkt. No. 1-2, Decl. of Noguchi ¶¶ 13-14, 24.)  To be initiated, the civil

defamation suit requires the individual's identity.  (Dkt. No. 1-2, Decl. of Noguchi ¶ 13.)  The

criminal complaint will not be accepted by the Japanese Investigative Authorities until Applicant

provides identification information for the individual.  (Dkt. No. 1-2, Decl. of Noguchi ¶ 24.)

Applicant has therefore sufficiently demonstrated he intends to file suit upon finding the identity

of the individual.

\\\

C.    **"Foreign or International Tribunal" Requirement**

Under § 1782, the discovery must be sought for a proceeding in a foreign or international tribunal.  28 U.S.C. § 1782(a).  A foreign tribunal is an adjudicative body "that exercises governmental authority conferred by a single nation."  *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2089 (2022).  As the contemplated proceedings will take place in Japan in civil and criminal courts under Japanese law, the foreign tribunal requirement is satisfied.  (Dkt. No. 1-2, Decl. of Noguchi ¶¶ 9, 15.).

The Court may compel Applicant's discovery because he satisfies the statutory requirements outlined in § 1782.

II.    **Discretionary Factors**

Upon satisfying the above statutory requirements, courts have discretion to grant or deny § 1782 applications.  *Intel Corp.*, 542 U.S. at 241.  Courts should consider the following factors in evaluating a § 1782 application: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome."  *Id.* at 244-45.

A.    **Participation in Foreign Proceeding**

If the person or entity from whom discovery is sought is a participant in the foreign proceeding, courts are less inclined to compel discovery.  *Intel Corp.*, 542 U.S. at 244 ("when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").

Because Apple is not a party to either of the contemplated proceedings, and assistance under § 1782 was designed for these kinds of scenarios, this element is satisfied.  (Dkt. No. 1-2, Decl. of Noguchi ¶ 26.)

United States District Court
Northern District of California

**B.     Nature of Foreign Tribunal and its Receptivity**

A court may consider the "nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 244.  Where the foreign tribunal expressly says it does not want assistance from U.S. federal courts, courts will deny the requests under § 1782. *See, e.g., Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84-85 (2d Cir. 2004) (affirming the denial of discovery where the German government expressly objected to the information sought).

As stated in Akio Noguchi's ("Noguchi") declaration, based on her experience as a lawyer qualified to practice in Japan, she is unaware of any restrictions imposed by the laws of Japan that limit judicial assistance by U.S. federal courts for the purposes outlined in the application.  (Dkt. No. 1-2, Decl. of Noguchi ¶¶ 27-28.)  Absent evidence the foreign tribunal is unreceptive to discovery assistance, courts will grant the applications.  *See, e.g., Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 898-99 (N.D. Cal. 2021) (granting a § 1782 application when the applicant "represent[ed] that Japanese courts have been receptive in other matters to assistance in discovery from the United States."); *see also In re Sungrove Co., Ltd.*, No. 22-MC-80036-KAW, 2022 WL 3904131, at *4 (N.D. Cal. Aug. 1, 2022), report and recommendation adopted sub nom. *In re Ex Parte Application of Sungrove Co., Ltd.*, No. 22-MC-80036-JSC, 2022 WL 3925288 (N.D. Cal. Aug. 30, 2022) (recommending the district court grant discovery when a Japanese tribunal would likely use a defendant's identity revealed by § 1782 discovery).  Therefore, Applicant satisfied this requirement.

**C.     Attempt to Circumvent Foreign Law**

A district court should consider "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 244-45.  Noguchi attests she is aware of no policies under Japanese law that Applicant is attempting to circumvent.  (Dkt. No. 1-2, Decl. of Noguchi ¶ 29.) In the absence of contrary information, this factor also weighs in favor of granting the application. *See, e.g., Bitwallet Pte. Ltd. v. Meta Platforms, Inc.*, No. 22-MC-80182-HSG, 2023 WL 1111505,

United States District Court
Northern District of California

at *3 (N.D. Cal. Jan. 30, 2023) (explaining "[c]ourts have found that this factor weighs in favor of discovery where there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions.'") (citation omitted).

### D. Unduly Intrusive or Burdensome Requests

Requests found to be "unduly intrusive or burdensome" may be rejected or trimmed. *Intel Corp.*, 542 U.S. at 245.

The subpoena (attached to Dkt. No. 1 as Exhibit A) requests the following information: documents showing the Apple ID associated with the email address; the name, address, associated emails and phone numbers, names and addresses of credit cards associated with the account (excluding the credit card numbers, expiration dates, and card validation codes); information sufficient to show the following information for the three month period preceding April 21, 2023: all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) and the accompanying actions of the user (creation of the account, log in, log out, or deletion of the account); and the same information for any other accounts associated with the main account. (Dkt. No. 1 at 14-15.)

This information is sufficiently tailored to not be unduly intrusive or burdensome, given it pertains to one email address and is restricted to a period of three months. For example, the Ninth Circuit held requests for names, addresses, telephone numbers, and IP addresses for five email accounts are not unduly intrusive or burdensome. *See London v. Does 1-4*, 279 F. App'x 513, 514-15 (9th Cir. 2008). Further, other courts in this district have held requests sufficiently narrowly tailored as the applicants restricted the discovery requested to a period of three months. *See, e.g., In re Barney*, No. 22-MC-80154-HSG, 2022 WL 17813142, at *3 (N.D. Cal. Dec. 19, 2022) (granting an application for the IP addresses and subscriber information associated with an email address and Facebook account over a three month period); *see also In re Med. Corp. Seishinkai*, No. 22-MC-80160-SVK, 2021 WL 3514072, at 4-5 (N.D. Cal. Aug. 10, 2021) (granting an application as the subpoena was narrowly tailored to the information associated with two Google accounts over a three month period).

Additionally, Applicant only requests "documents sufficient to show" the information

7

described in the document requests to identify the user of the Apple email, rather than "all documents showing." *See In re Takagi,* No. 22-MC-80240-VKD, 2022 WL 7620511, at *4 (N.D. Cal. Oct. 13, 2022) (tailoring Applicant's subpoena to only include requests for "documents sufficient to show" rather than "all documents showing."). This distinction is important as the requests are therefore tailored such to not burden Apple in participating in unnecessary discovery.

Therefore, given this request only pertains to information associated with one account over a narrowly-tailored period of three months, the request is not unduly intrusive or burdensome.

**CONCLUSION**

For the reasons stated above, Applicant's application is GRANTED as Applicant satisfied the statutory threshold requirements and the discretionary *Intel* factors. This Order does not foreclose a motion to quash or further modify the subpoena by Apple following service, or by the Apple account holder or account user whose identifying information is sought. Concerns regarding privacy interests of the Apple account owner may be addressed by adopting procedural protections to ensure any objections the users may have to disclosure of their information are addressed by the Court before disclosure is made.

IT IS SO ORDERED.

Dated: 7/13/2023

JACQUELINE SCOTT CORLEY
United States District Judge